IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRANDY BLAKE, and all other occupants;
and ZAMIRAH BLAKE, minor;

        Plaintiffs,

    vs.

MIMG LXVII GEORGETOWN SUB LLC,
Representative - Landlord;

        Defendant.

**8:24CV383**

**MEMORANDUM AND ORDER**

Plaintiffs Brandy Blake ("Blake") and her minor child, Zamirah Blake ("Z.B.") (collectively "Plaintiffs"), both non-prisoners, filed a pro se Complaint on September 30, 2024, Filing No. 1, which they amended on October 8, 2024 (the "Amended Complaint"), Filing No. 6, and supplemented that same day (the "Supplement"), Filing No. 7. Blake was given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiffs' Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

As a preliminary matter, Plaintiff impermissibly attempts to bring this action on behalf of herself and her minor child Z.B. "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020); *see Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases) ("We

---

[1] For purposes of this initial review, the "Complaint" consists of Plaintiff's Amended Complaint, Filing No. 6, and the Supplement, Filing No. 7. *See* NECivR 15.1(b) (Court may consider pro se litigants' amended pleadings as supplemental, rather than as superseding, the original pleading).

therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); *see also Udoh v. Minn. Dep't of Human Servs.*, 735 F. App'x. 906, 907 (8th Cir. 2018) (per curiam) (affirming dismissal without prejudice of constitutional claims plaintiffs "attempted to assert on behalf of their minor daughters."); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (same for minor daughter); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542, 543 (8th Cir. 2008) (per curiam) (same for minor children).  Therefore, Z.B. and all claims brought on her behalf are dismissed.

The Court now conducts an initial review of Blake's Amended Complaint and Supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

## I. SUMMARY OF COMPLAINT

The subject matter of this case appears to arise from a state court judgment of eviction, evicting Blake from her prior residence at the Georgetowne Apartments in Omaha, Nebraska (the "Residence"), and assessing damages against her by defendant MIMG LXVII Georgetowne Sub LLC ("Defendant").  Filing No. 6 at 4; Filing No. 7 at 1–5, 15.  Blake brings suit against Defendant under the False Claims Act, 31 U.S.C. § 3729 (the "FCA") and Federal Rules of Civil Procedure 60(A) and (B).  Filing No. 6 at 3.  Plaintiff appears to allege that her eviction was wrongful as "[a] full document of the signed lease-

legal binding contract was not provided to the Civil Court to confirm whether the content may or may not be legal." *Id.* at 4.

Although unclear, it appears Blake seeks monetary damages and possession of the Residence. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

While Blake brings suit under the FCA and Federal Rules of Civil Procedure 60(A) and (B), her Amended Complaint must be dismissed as this Court lacks jurisdiction over Blake's claim.

First, Federal Rule of Civil Procedure 60, addresses relief from non-final judgments or orders, but does not apply to state court judgments. *See Holder v. Simon*, 384 Fed. Appx. 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."). As the judgment Blake seeks to address arose in the County Court of Douglas County, Nebraska, *see* Filing No. 7 at 4, Rule 60 does not apply.

Second, the FCA "prohibits individuals from engaging in specified fraudulent activity, and makes persons who engage in such conduct liable to the United States government." *Williams v. Bank of Am.*, No. 2:12-cv-2513 JAM AC PS, 2013 WL 1907529,

at *3 (E.D. Cal. May 7, 2013) (citing 31 U.S.C. § 3729(a)).  Civil actions under the FCA may only be brought by "the United States or as a qui tam action by a private individual, wherein the private individual sues on behalf of the government as well as the individual." *Id.* (citing § 3720(b)(1)).  Here, Blake's claims do not fall within the scope of the FCA because she asserts allegations in her private capacity against a private entity.  As such, this Court has no jurisdiction over her claims under the FCA.

As the Amended Complaint and Supplement do not allege a federal question arising under the Constitution or federal law, and as amendment would be futile as Blake does not have standing to assert claims under the FCA, and as the subject matter of her suit is a state court judgment to which Federal Rule of Civil Procedure 60 does not and cannot apply, dismissal of the Amended Complaint without prejudice is appropriate.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice.  A separate judgment will be entered in accordance with this Memorandum and Order.


Dated this 22nd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge